IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-cv-00486-BR

| | |
|---|---|
| CRYSTAL BOOTHMAN, Executrix of the Estate of Kenese Sene, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER<br>)<br>) |
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Defendant. | ) |

This matter is before the court on the motion to transfer filed by defendant United States of America (DE # 28) and on the cross-motion to transfer filed by plaintiff Crystal Boothman, as executrix of the estate of Kenese Sene (DE # 37). The motions have been fully briefed and are ripe for disposition.

## I. BACKGROUND

In this action, plaintiff seeks damages from defendant relating to the allegedly negligent care received by Mr. Sene while incarcerated in a federal correctional institution. (See Compl., DE # 1, ¶¶ 2.1, 5.1-5.4.) Plaintiff filed the complaint within her decedent's residential district—the Eastern District of Washington. (Id. ¶ 1.1.) Due to the allegations of negligence occurring at FCI Butner made within the complaint, defendant successfully moved to transfer the case to this court. (See 9/22/17 Order, DE # 15, at 2; Mem., DE # 29, at 1.)

According to defendant, discovery conducted before filing a responsive pleading with this court revealed that the potentially negligent conduct transpired at FCI Jesup in Georgia, not FCI Butner. (Mem., DE # 29, at 1-2, 6-8.) Consequently, defendant filed a second motion to

transfer venue, this time to the Southern District of Georgia, where FCI Jesup is located. Plaintiff opposes this motion to transfer and filed a cross-motion to transfer the case back to the Eastern District of Washington.

## II. DISCUSSION

The United States district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b). The appropriate venue for such actions is either the judicial district where the plaintiff resides or where the act or omission complained of occurred. Id. § 1402(b).

The parties agree that venue does not lie in this district. (See Mem., DE # 29, at 5-6; Mem., DE # 34, at 1, 4.) Presiding courts can cure defective venue by transferring the case to an appropriate district for resolution. See 28 U.S.C. § 1406(a). In the interest of justice, a judge may consider the convenience of parties and witnesses to identify the proper district for transfer. See id. § 1404(a). United States District Judge Salvador Mendoza, Jr. did just that when he transferred this case from the Eastern District of Washington to this district. (See 9/22/17 Order, DE # 15, at 2.) As such, this court will not revisit his conclusion that venue is more appropriate in the district where the purported negligent acts occurred. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988) (citation omitted) ("Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts."). In keeping with that conclusion, the court will transfer this case to the Southern District of Georgia, the true location of the alleged negligence.

## III.  CONCLUSION

Defendant's motion to transfer is GRANTED.  Plaintiff's motion to transfer is DENIED. Defendant's motion to seal (DE # 31) and plaintiff's motion for enlargement of time (DE # 33) are DENIED as moot.  This case is TRANSFERRED to the United States District Court for the Southern District of Georgia.

This 18 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge